Anshel Joel Kaplan
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
(212) 218-5500

Attorneys for Defendant
Nokia of America Corporation

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RICHARD LAYTON and DAYNA LAYTON-CLAXTON,<br><br>    Plaintiffs,<br><br>  v.<br><br>ALCATEL LUCENT USA, INC. d/b/a NOKIA,<br><br>    Defendant. | Civil Action No. _____<br><br>**NOTICE OF REMOVAL**<br><br>Removed from the Superior Court of New Jersey, Chancery Division: Probate Part, Union County<br>Docket No. R1435 |

TO:   Clerk of the Court
      United States District Court for the District of New Jersey
      Martin Luther King Building & U.S. Courthouse
      50 Walnut Street
      Newark, NJ 07102

Defendant, Nokia of America Corporation (formerly known as Alcatel-Lucent USA Inc.) ("Defendant" or "Nokia")[1], by and through its attorneys, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, files this Notice of Removal with respect to the above captioned case, which was filed and currently is pending in the Superior Court of New Jersey, Chancery Division: Probate Part, Union County, Case No. R1435. In support of its Notice of Removal, Nokia states as follows:

---

[1] Improperly identified in the Complaint as "Alcatel Lucent USA, Inc. d/b/a Nokia."

**Background and Timeliness**

1.       On or about March 18, 2020, Plaintiffs Richard Layton ("Layton") and Dayna Layton-Claxton ("Layton-Claxton") (collectively, "Plaintiffs") filed a verified complaint in the Superior Court of New Jersey, Chancery Division: Probate Part, Union County, titled *In the Matter of the Estate of Harry J. Layton, Deceased*. The lawsuit names Nokia as the Defendant, and purports to seek reformation of a beneficiary designation form applicable to benefits allegedly owed under the Nokia Savings/401(k) Plan[2] (the "Plan"). The lawsuit is recorded on that court's docket as Case No. R1435. There are no other known parties currently named in Plaintiffs' complaint.

2.       On June 23, 2020, Nokia, through counsel, accepted service of the Complaint and all other filings made by Plaintiffs in the state-court action via e-mail.

3.       Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of "all summons, pleadings, and orders" served upon Nokia in the state court action, is attached hereto as Exhibit A.

4.       Because Nokia has filed this Notice of Removal within thirty days of service of process, this Notice of Removal is timely.  *See* 28 U.S.C. § 1446(b).

5.       In their complaint, Plaintiffs allege that they are the children of Harry J. Layton (the "Decedent"). (Ex. A, Compl. ¶ 2.) Plaintiffs further allege that, prior to his death, the Decedent executed a beneficiary designation, leaving to Plaintiffs, in equal shares, any benefit owed to him under the Plan at the time of his death. (Compl. ¶ 4.). The beneficiary designation form further directs that any portion of any benefit payable to Layton is to be paid into a trust

---

[2] Formerly known as the "Lucent Technologies Inc. Long Term Savings Plan"

established under the terms of a will executed by the Decedent, dated February 18, 1998. (Compl. ¶¶ 4-5.)

6. Plaintiffs also allege that, after executing the beneficiary designation form, the Decedent executed a revised will, dated July 21, 2005, which Plaintiffs contend superseded and modified all prior estate planning documents, including the beneficiary designation form. (Compl. ¶¶ 7-10.) Plaintiffs concede that, at the time of his death, Decedent had not updated the beneficiary designation form submitted to the Plan. (Compl. ¶ 11.)

7. Plaintiffs seek reformation of the beneficiary designation form to correct Decedent's "unilateral mistake" and reflect the Decedent's "probable intent," and an order directing disposition of funds from the Plan to Layton. (Compl. ¶¶ 13-14.)

### **Plaintiff's Claims Arise Under ERISA And Are Removable**

8. The benefit that the Plaintiffs seek to have distributed is provided pursuant to a Nokia-sponsored employee pension benefit plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et. seq.*

9. ERISA provides an exclusive federal cause of action for participants or beneficiaries in an ERISA plan who bring actions related to the recovery of benefits under employee benefit plans. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987); *Rush Prudential HMO Inc. v. Moran*, 536 U.S. 355 (2002).

10. As ERISA provides the exclusive remedy for a claim of benefits, to the extent Plaintiffs seek any remedy related to payment of benefits, ERISA "completely preempts" any state law claim or remedy based on any wrongful withholding of benefits promised under an employee benefit plan. *See, e.g., Aetna Health, Inc. v. Davila*, 542 U.S. 200, 220 (2004) (ERISA "completely preempts" any claim or remedy based on wrongful withholding of benefits,

including claims with requirements beyond those for recovery under ERISA § 502(a), 29 U.S.C. § 1132(a).).

11. A claim filed in state court is removable to federal court under 29 U.S.C. § 1441(a) as an action arising under federal law, even where the complaint does not on its face allege that it arises under ERISA. *See, e.g., Metropolitan Life Ins. Co.*, 481 U.S. at 66 ("Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) [29 U.S.C. § 1132(a)] removable to federal court;" "All such actions in Federal or State courts are to be regarded as arising under the laws under the United States.").

12. As Plaintiffs seek payment of benefits under an ERISA-governed plan, their claim arises under ERISA, 29 U.S.C. § 1132(a)(1)(B), and thus alleges a claim under the laws of the United States within the meaning of 28 U.S.C. § 1331. For this reason, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

13. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

14. The Court thus has original jurisdiction over these claims pursuant to 28 U.S.C. § 1331, and removal is proper under 28 U.S.C. § 1441.

### Venue and Notice

15. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 110, this Court embraces the Superior Court of Union County, New Jersey. Accordingly, this Court is the appropriate venue for removal of this action. 28 U.S.C. § 1441(a).

16. Prompt written notice of this Notice of Removal is being sent to Plaintiffs through their counsel, and to the Clerk of Court for the Superior Court of Union County, New Jersey, as required by 28 U.S.C. § 1446(d).  A copy of the notice is attached as Exhibit B.

17. There are no other known named defendants in this matter from which consent is required.

## **Conclusion**

18. Based on the foregoing, this Court has original jurisdiction over this action because this action arises under ERISA, a federal law. 28 U.S.C. § 1331. Therefore, the Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

19. Should Plaintiff seek to remand this case to state court, Nokia respectfully asks that it be permitted to brief and argue the issue before any order remanding this case. If the Court decides remand is proper, Nokia asks that the Court retain jurisdiction and allow Nokia to file a motion asking this Court to certify any remand order for interlocutory review by the Third Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

20. Nokia submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiffs, without conceding that Plaintiffs have pleaded claims upon which relief can be granted, and without admitting that Plaintiffs are is entitled to any monetary or equitable relief whatsoever (or that the damages she seeks may be properly sought).

WHEREFORE, Nokia submits that this action properly is removable based on federal question jurisdiction and respectfully requests that the above-described action pending against it be removed to the United States District Court for District of New Jersey. Nokia also requests all other relief, at law or in equity, to which it justly is entitled.

Dated:  June 24, 2020                                         Respectfully submitted,

                                                            SEYFARTH SHAW LLP

                                                            By  */s/ Anshel Joel Kaplan*
                                                               Anshel Joel Kaplan
                                                                SEYFARTH SHAW LLP
                                                                620 Eighth Avenue
                                                                New York, New York  10018
                                                                Telephone: (212) 218-5500
                                                                Fax: (212) 218-5526
                                                                akaplan@seyfarth.com

                                                                *Attorneys for Defendant Nokia of America Corporation*

**CERTIFICATE OF SERVICE**

I certify that on June 24, 2020, I electronically filed Defendant's Notice of Removal, with Exhibits A & B, and Civil Cover Sheet, via the Court's CM/ECF system, and caused to be served true and correct copies of the aforementioned documents by FedEx Overnight Mail, postage prepaid, upon the following counsel for Plaintiff:

>James Garland
>Coughlin & Duffy LLP
>350 Mount Kemble Avenue
>PO Box 1917
>Morristown, New Jersey  07962
>
>*Attorney for Plaintiffs*

*/s/ Anshel Joel Kaplan*_____
Anshel Joel Kaplan
